**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RODERICK CLIMMONS,

Plaintiff,

v.

JESSICA RAMBUR, *et al.*,

Defendants.

Case No. 3:24-CV-00422-ART-CLB

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE SETTLEMENT**

[ECF No. 24]

Before the Court is Plaintiff Roderick Climmons' ("Climmons") motion to reopen his case and enforce the settlement agreement. (ECF No. 24.) Climmons' case was assigned to the Inmate Early Mediation program, during which the parties entered into a binding settlement agreement. (ECF No. 20.) Climmons' case was subsequently dismissed with prejudice once the terms of the agreement were satisfied. (ECF No. 23.) Climmons now alleges Defendants are in breach of the agreement and asks the Court to intervene. (ECF No. 24.) However, because the case was dismissed the Court no longer has jurisdiction to hear Climmons' case, and his motion must be denied. (*See* ECF No. 20 ("The Court retains jurisdiction until the stipulation to dismiss is entered. Thereafter, the Court will no longer retain jurisdiction.").)

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial decree. *Id.* (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). It is well settled that federal courts presume a cause of action lies outside of their limited jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Id.* (first citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); and then citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action or jurisdiction pursuant to their

inherent powers or ancillary jurisdiction. *Id.* at 378, 381-82.

In *Kokkonen*, the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated that ancillary jurisdiction is generally permissible under only two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found that it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held that a federal court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381. Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Mallard Auto. Grp. Ltd. v. United States*, 343 F. Supp. 2d 949, 955 (D. Nev. 2004) (citing *Kokkonen*, 511 U.S. at 375). If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, "enforcement of the settlement agreement is for state courts." *Id.* (quoting *Kokkonen*, 511 U.S. at 382).

"The judge's mere awareness and approval of the terms of the settlement agreement" is not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381. Nor is language in the order of dismissal stating that the dismissal is "based on the settlement" enough for the federal court to retain jurisdiction. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). "Indeed, even a district court's

expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal." *Id.* at 532-33 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (finding that the district court did not retain jurisdiction to enforce the settlement agreement despite pronouncing on the record he would "act as a czar" over the agreement because the order of dismissal merely stated: "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice").

**IT IS THEREFORE ORDERED** that, because the Court lacks jurisdiction, Climmons' motion to reopen his case and enforce the settlement agreement, (ECF No. 24), is **DENIED**.

**IT IS FURTHER ORDERED** that no additional documents are to be filed in this closed case. The Clerk is directed to **RETURN AS UNFILED** any further documents received in this closed case.

**DATED**: July 24, 2026.

**UNITED STATES MAGISTRATE JUDGE**